```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DEUTSCHE BANK NATIONAL TRUST :
COMPANY, as Trustee for Long :
Beach Mortgage Loan Trust    :CIVIL ACTION NO. 3:13-CV-1050
2006-WL2,                    :
                             :(JUDGE CONABOY)
        Plaintiff,           :
                             :
        v.                   :
                             :
LUCILLE ADRAGNA,             :
                             :
        Defendant.           :
                             :

---

## **MEMORANDUM**

Here we consider Defendant's FRCP Rule 12(b)(6) Motion in which she alleges that Plaintiff lacks standing to bring this action and has failed to state a claim upon which relief may be granted. (Doc. 13.) Defendant asserts Plaintiff lacks standing because it is a foreign business entity not registered with the Pennsylvania Department of State Corporation Bureau as a business entity authorized to conduct business in the Commonwealth of Pennsylvania and, therefore, cannot utilize the courts of the Commonwealth to prosecute law suits. (Doc. 14 at 3.) Defendant also asserts Plaintiff fails to state a claim because the promissory note in question was discharged in bankruptcy. (*Id.* at 4.) Plaintiff refutes these assertions in its opposition brief (Doc. 15) and supplemental opposition brief (Doc. 16). Defendant did not file a reply brief and the time for doing so has passed. Therefore, this matter is ripe for disposition. For the reasons

discussed below, we conclude Defendant's motion is properly denied.

## I. Background

On September 27, 2005, Defendant borrowed $145,530 from Long Beach Mortgage Company to purchase a property located in Pocono Summit, Pennsylvania. (Doc. 14 at 1; Doc. 15 at 3.) She executed a promissory note ("Note") in that amount and at the same time granted a mortgage in favor of Long Beach Mortgage Company (the "Mortgage"). (*Id.*) Under the Note, Defendant agreed to an initial monthly payment of $1,119.00 on or before November 1, 2005, and to continue making monthly payments in said amount, or such amount as may be adjusted in accordance with the terms of the Note, until October 1, 2035, at with time Defendant's obligation would be satisfied. (Doc. 14 at 1.) The Mortgage provides in part: "This Security Instrument secures to Lender (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extension and modifications of the Note." (Doc. 14 at 2.) The Mortgage was recorded October 14, 2005, with the Monroe County Recorder of Deeds. (Doc. 15 at 3.)

Long Beach Mortgage Company later converted from a Delaware corporation into a Delaware limited liability company, Long Beach Mortgage Delaware, LLC, which was then merged into a trust where Washington Mutual Bank was a beneficiary and trustee. (Doc. 15 at 3.) After the resignation of the other trustee and the dissolution of the trust, Washington Mutual Bank became the successor in

2

interest to Long Beach Mortgage, LLC. (*Id.*) Washington Mutual Bank was later seized by the Federal Deposit Insurance Corporation ("FDIC") and Washington Mutual's assets, including its mortgage loans, were transferred to JPMorgan Bank. (*Id.*)

The initial foreclosure action against Defendant was filed in this Court on July 30, 2008--*Deutsche Bank National Trust Company v. Lucille Adragna*, 3:08-CV-1424. (*Id.*) This action was later settled, discontinued and ended when Defendant entered into a forbearance plan with Plaintiff's servicer, JPMorgan Chase Bank, NA. The alleged default at issue allegedly began on October 1, 2009. (Doc. 14 at 2.)

Defendant filed a Chapter 7 Bankruptcy with the Middle District of Pennsylvania United States Bankruptcy Court at docket number 5:09-BK-08558-JJT (the "Bankruptcy Case"). (Doc. 14 at 2; Doc. 15 at 3.) On or about November 5, 2009, JPMorgan Chase Bank, National Association, as Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-WL-2 filed a motion for relief from the automatic stay in the Defendant's bankruptcy case, for leave to pursue a mortgage foreclosure action. (Doc. 14 at 2.) By Order dated November 25, 2009, the Bankruptcy Court granted the motion and gave the movant leave to proceed with a mortgage foreclosure. (*Id.*)

A complaint in mortgage foreclosure was filed in this Court on February 9, 2010--*Deutsche Bank National Trust Company as Trustee*

3

*for Long Beach Mortgage Loan Trust 2006-WL2*, 4:10-CV-300. (Doc. 14 at 2.)

On February 22, 2010, Defendant was granted a Discharge of Debtors in the Bankruptcy case. (Doc. 14 at 3; Doc. 15 at 4.)

On September 8, 2010, Plaintiff filed a Praecipe to Settle, Discontinue and End in the mortgage foreclosure action in this Court, 4:10-CV-300. (Doc. 14 at 3.)

As noted previously, the above-captioned matter was filed in this Court on April 23, 2013 (Doc. 1), and Defendant filed the motion to dismiss under consideration here on July 5, 2013. The motion became ripe for disposition on September 3, 2013.

## **II. Discussion**

### *a. Motion to Dismiss Standard*

In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief." The "short and plain

4

statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007). *Twombly* confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555 (citations omitted).

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

*McTernan,* 577 F.3d at 530. *Iqbal* explained that "[a] claim has

5

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*McTernan* discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

6

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. As noted above, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

In deciding a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Courts may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for

7

summary judgment.") (internal quotation omitted). The court may not, however, rely on other parts of the record in making its decision on a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). We may also consider matters of public record in determining whether dismissal is appropriate. *Sands v. McCormick*, 503 F.3d 263, 268 (3d Cir. 2007).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### *b. Defendant's Motion*

With this motion to dismiss, Defendant asserts that Plaintiff lacks standing to bring this diversity action and the Complaint fails to state a claim upon which relief may be granted. (Doc. 13 at 1; Doc. 14 at 2-5.)

### 1. **Standing**

Defendant first argues that Plaintiff lacks standing to bring this action because it is not a properly registered business in the Commonwealth of Pennsylvania. (Doc. 14 at 3.) We conclude Defendant has failed to meet her burden on this issue.

Defendant contends that "[u]nder the rule of law in the Commonwealth of Pennsylvania, a foreign business entity that is not authorized to conduct business within the state may not utilize the

8

courts of the Commonwealth to prosecute law suits." (Doc. 14 at 3 (citing *Hoffman Const. Co. v. Erwin*, 200 A. 579 (Pa. 1938)).) Defendant argues that because Plaintiff Long Beach Mortgage Loan Trust 2006-WL2, the entity claiming possession of a mortgage upon which the action is based, is a foreign business entity not registered with the Pennsylvania Department of State Corporation Bureau as a business entity authorized to conduct business in the Commonwealth, Plaintiff may not maintain this action. (Doc. 14 at 3.)

Plaintiff does not directly address Defendant's argument. Rather, Plaintiff asserts that diversity jurisdiction exists here because the requirements of 28 U.S.C. § 1332(a)(1) are met. The citizenship requirement is met in that JPMorgan Chase Bank, is the servicer of the loan and its principal place of business is Columbus, Ohio,[1] while Defendant's domicile is in Pennsylvania. (Doc. 15 at 6.) Plaintiff further avers that the amount in controversy requirement of $75,000 is also met because the Complaint alleges the outstanding amount on the loan is $198,498.89. (*Id.*)

Defendant did not file a reply brief and, therefore, did not refute Plaintiff's argument. With the argument presented in her

---

[1] The Complaint asserts that "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-WL2 is a corporation having a principal place of business at JPMorgan Chase Bank, National Association, 1111 Polaris Parkway, Columbus, OH 43240." (Doc. 1 ¶ 1.)

supporting brief, Defendant has failed to meet her burden of showing that Plaintiff lacks standing. Though the language describing the relationship between named Plaintiff Deutsche Bank, as Trustee for Long Beach Mortgage Trust 2006-WL-2, and JPMorgan Chase Bank, the servicer for whom Plaintiff establishes diversity jurisdiction, is not always consistent, we conclude the allegation in the Complaint establishing Plaintiff Deutsche Bank's principal place of business as Columbus, Ohio, is sufficient to defeat Defendant's standing challenge. Without more, Defendant's citation to *Hoffman*, 200 A. 579, which is easily distinguishable on several grounds, does not suffice to satisfy her burden at this stage of the proceedings.

## 2. **Failure to State a Claim**

Defendant next maintains that the Complaint must be dismissed because Defendant has no obligation to Plaintiff or any other holder of the Promissory Note. We conclude Defendant has failed to meet her burden on this issue.

Defendant presents the following argument in support of her position.

> At no time during the pendency of the Chapter 7, or after commencement of the mortgage foreclosure action, did Defendant reaffirm the obligation set forth in the Promissory Note. Plaintiff commenced its mortgage foreclosure action on February 9, 2010. Plaintiff stipulated on September 8, 2010 that the mortgage foreclosure action was settled. By so stipulating, Plaintiff terminated whatever right it may have had by

10

> reason of the order of the bankruptcy court
> that vacated the automatic stay and permitted
> the foreclosure action to proceed. Plaintiff
> could have proceeded to a judgment on the
> Promissory Note and Mortgage securing the
> obligation under the note, however the matter
> was settled. By bringing the foreclosure
> action to a termination, without having the
> Defendant herein reinstate her obligations
> under the Promissory Note, the Defendant's
> obligations under the Note were discharged,
> by reason of the February 22, 2010 Order of
> the Bankruptcy Court that granted to the
> Defendant a Discharge of Debtors.
> Accordingly, Defendant has no obligation to
> the Plaintiff, or to any other holder of the
> Promissory note.

(Doc. 14 at 4.)

Plaintiff first responds that Defendant's assertion that the discharge of the original debt in the bankruptcy filing is without merit in that the discharge, while preventing Plaintiff from pursuing an *in personam* action, does not prevent Plaintiff from pursuing this *in rem* action asserting the right to enforce a valid lien on real property. (Doc. 15 at 8 (citing November 25, 2009, Bankruptcy Court Order, (Doc. 15 at 34)).) In its Supplemental Brief in Opposition to Motion to Dismiss, Plaintiff addresses Defendant's contention that its failure to reinstate Defendant's obligations under the Promissory Note discharged Defendant's debt both personally under the Note and as to the mortgage lien as well. (Doc. 16 at 1-2.) Noting that it is a basic tenet of bankruptcy law that "'a creditor's right to foreclose on a lien survives bankruptcy nothwithstanding the discharge of personal liability,'"

11

(Doc. 16 at 2 (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991))), Plaintiff provides extensive additional support for its position. (Doc. 16 at 2-3.)

Defendant did not file a reply brief. However, in her supporting brief, Defendant anticipated Plaintiff's *in personam* and *in rem* distinctions.

> Plaintiff may argue that it is seeking to foreclose upon the mortgage instrument for an In Rem judgment in excess of $75,000.00. However, the mortgage instrument, by its own terms and as a matter of law is only security for an underlying obligation. 13 Pa. C.S.A. § 9102 provides in part:
>
> "'Mortgage.' A consensual interest in real property, including fixtures, which secures payment or performance of an obligation."
>
> A mortgage does not have a life of its own independent of the underlying obligation. The mortgage instrument annexed to the Complaint . . . , is but a vestigial encumbrance upon Defendant's property. It served as security and collateral for the obligation Defendant had on the Promissory Note. Discharge of Defendant's obligation under the Promissory Note authorized Defendant to reclaim collateral under 13 Pa. C.S.A. § 9623.

(Doc. 14 at 5.)

We conclude this cursory summation is insufficient to refute Plaintiff's arguments or distinguish the authority upon which Plaintiff relies. While Defendant's position set out above provides some citation to Pennsylvania statutes, it is devoid of authority or argument that would satisfy her burden of establishing

12

that Plaintiff has failed to state a claim upon which relief may be granted.  Therefore, Defendant's motion to dismiss is properly denied.

### III. Conclusion

For the reasons discussed above, Defendant's FRCP Rule 12(b)(6) Motion (Doc. 13) is denied.  An appropriate Order is filed simultaneously with this Memorandum.


<pre>
                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge
</pre>

DATED: October 17, 2013