UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEUTSCHE BANK NATIONAL TRUST :
COMPANY, as Trustee for Long :
Beach Mortgage Loan Trust : CIVIL ACTION NO. 3:13-CV-1050
2006-WL2, :
 : (JUDGE CONABOY)
    Plaintiff, :
 :
    v. :
 :
LUCILLE ADRAGNA, :
 :
    Defendant. :
 :

_____

## MEMORANDUM

Here we consider Plaintiff's Motion for Summary Judgment (Doc. 28) timely filed on February 28, 2014.  On the same date Plaintiff filed Plaintiff's Brief in Support of Its Motion for Summary Judgment (Doc. 29) and Statement of the Material Facts (Doc. 30). With this motion, Plaintiff seeks judgment in its favor on the mortgage foreclosure action (Doc. 2) filed in this Court on April 23, 2013.  Defendant did not file a brief in opposition to the motion and the time for doing so has passed.  Thus, pursuant to Local Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania, Defendant is deemed not to oppose the motion. Nonetheless, we will proceed with an analysis of the merits of Plaintiff's motion. For the reasons discussed below, we conclude the motion is properly granted.

## I. Background

The property in this case is known as HC 89, Box 771, Pocono

Summit, Pennsylvania ("Subject Property").  (Doc. 30 ¶ 1.) Defendant is the record owner of Subject Property.  (Doc. 30 ¶ 2.)

On or about September 27, 2005, Defendant borrowed $145,530.00 from Long Beach Mortgage Company.  (Doc. 30 ¶ 3.)  On September 27, 2005, Defendant executed a Promissory Note in the amount of $145,530.00 in favor of Long Beach Mortgage Company. (Doc. 30 ¶ 4.) On the same date, Defendant executed a Mortgage upon the Subject Property in favor of Long Beach Mortgage Company. (Doc. 30 ¶ 5.)

Plaintiff is the current holder of the Mortgage and is in possession of the Promissory Note and Mortgage.  (Doc. 30 ¶¶ 6, 7.) An Assignment of Mortgage in favor of Plaintiff was executed and recorded prior to the commencement of the instant action.  (Doc. 30 ¶ 8.)

The terms of the Note and Mortgage require Defendant to repay the mortgage loan, with interest, in monthly installments of principal and interest beginning on November 1, 2005, and continuing through the maturity date of October 1, 2035. (Doc. 30 ¶ 9.)  Defendant has failed to make all payments since October 1, 2009.  (Doc. 30 ¶ 10.)

On September 23, 2011, a Notice of Intent to Foreclose Mortgage was sent to Defendant.  (Doc. 30 ¶ 11.)

As of February 28, 2014, the amount due and owing to Plaintiff totals $191,292.86.  (Doc. 45 ¶ 12.)

As noted above, the Complaint in this action was filed on

April 23, 2013. (Doc. 1.) On February 28, 2014, Plaintiff filed Plaintiff's Motion for Summary Judgment (Doc. 28), Plaintiff's Brief in Support of Its Motion for Summary Judgment (Doc. 29), and Statement of the Material Facts (Doc. 30).

## II. Discussion

*A.* *Summary Judgment Standard*

Summary judgment is appropriate when the movant demonstrates there is no "genuine issue as to any material fact." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

The initial burden is on the moving party to show an absence

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citations omitted). The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Id.* at 325. The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56 to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Id.* at 324. Where underlying facts are in dispute, the facts are viewed in the light most favorable to the plaintiff. *Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 267 (3d Cir. 2001) (citing *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 854 N.1 (3d Cir. 1990). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255. Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

Under Pennsylvania law governing this action, summary judgment is proper in a mortgage foreclosure action "if the mortgagors admit that the mortgage is in default, that they have failed to pay

4

interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (citing *Landau v. Western Pennsylvania National Bank*, 282 A.2d 335, 340 (Pa. 1971)); *see also United States v. Olayer*, 333 F. App'x 669, 671 (3d Cir. 2009) (not precedentail) (citing *Cunningham*, 714 A.2d at 1056-57). *Cunningham* adds that this is so "even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." 714 A.2d at 1057 (citation omitted). With respect to the amount owed on the mortgage, a dispute over the amount owed does not create a genuine issue of material fact: the debt owed on a mortgage can be expected to change day by day and while "mortgagors are unquestionable entitled to an accounting, but that accounting is not due until the property is sold at sheriff's sale and distribution of the proceeds is made." *Landau*, 282 A.2d at 340. *Landau* further observes that "[j]udgment in a mortgage foreclosure action must be entered in a sum certain or no execution could ever issue on it." *Id.*

### B. Plaintiff's Motion

Plaintiff first argues there are no genuine issues of material fact relevant to foreclosure in that all requirements of a mortgage foreclosure action are satisfied. (Doc. 29 at 4-5.) We agree.

Relevant Pennsylvania law requires a mortgage foreclosure complaint to include the following:

> (1) the parties to and the date of the

5

>                    mortgage, and of any assignments, and a
>                    statement of the place of record of the
>                    mortgage and assignments;
>
>                    (2) a description of the land subject to the
>                    mortgage;
>
>                    (3) the name, address and interest of the
>                    defendants in the action and that the present
>                    real owner is unknown if the real owner is
>                    not made a party;s
>
>                    (4) a specific averment of default;
>
>                    (5) an itemized statement of the amount due;
>                    and
>
>                    (6) a demand for judgment of the amount due.

Pa. R. Civ. P. 1148; *Moncrief v. Chase Manhattan Mortgage Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008) (not precedential).

    Here Plaintiff asserts that Defendant admits all of the factual elements necessary for the entry of summary judgment. (Doc. 29 at 5.)  Defendant does not refute this assertion and we conclude the six requirements are satisfied.

    Plaintiff next argues that Defendant's affirmative defenses lack merit.  We agree.

    To Defendant's assertion that Plaintiff lacks standing (*see, e.g.*, Doc. 20 at 6), Plaintiff avers it has established that it has standing to prosecute this action because it is the possessor of the note and, under Pennsylvania law, the possessor of the note has the right to enforce it.  (Doc. 29 at 6 (citing *JP Morgan Chase Bank, N.A. v. Francis X. Murray*, 63 A.3d 1258, 1266 (Pa. Super. Ct. 2013)).)

6

We find no error in this statement of the law and no evidence contradicting Plaintiff's assertion that it is the possessor of the note.  Therefore, we conclude Plaintiff has standing to pursue this action.

Plaintiff next asserts that Defendant's argument related to the bankruptcy proceeding commenced by Defendant in 2009 also lacks merit.  (Doc. 29 at 6.)  We agree.

Plaintiff cites relevant decisions supporting its assertion that its lien was not avoided via the bankruptcy proceedings and the lien "passed through Defendant's bankruptcy case unaffected." (Doc. 29 at 7.)  Relevant case law includes decisions from the United States Bankruptcy Court for the Eastern District of Pennsylvania, the Western District of Pennsylvania and the United States Supreme Court.  (Doc. 29 at 6.)

> Valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt. *Cusato v. Springfield Fin., Inc.* (*In re Cusato*), 485 B.R. 824, 828 (Bankr. E.D. Pa. 2013) . . . . Consequently, a secured creditor's demand for payment as a condition of satisfying a valid lien on property is not an act to collect a debt "as a personal liability of the debtor" prohibited by § 524(a)(2). *Cusato v. Springfield Fin., Inc.* (*In re Cusato*), 485 B.R. 824, 828 (Bankr. E.D. Pa. 2013). Secured creditors "are not prevented from postdischarge enforcement of a valid lien on property of the debtor . . . if the lien was not avoided under the Code."  4 Collier on Bankruptcy ¶ 524.02[2][d] (Alan n. Resnick, Henry J. Sommer eds. 16th 3d. 2012); *see also Johnson v. Home State Bank*, 501 U.S. 78, 83 . . . (1991) (noting that "a discharge

7

> extinguishes only the personal liability of the debtor . . . a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy" (internal quotation marks and citations omitted); *Matter of Paeplow*, 972 F.2d 730, 735 (7th Cir. 1992) (§ 542(a)(2) does not bar creditor actions to enforce a lien against property of the debtor); *In re Scotto-DiClemente*, 459 B.R. 558, 565 (Bankr. D.N.J. 2011) ("A debtor's chapter 7 discharge does not deprive a mortgage of its right to collect on its debt in rem."); *In re Burkett*, 295 B.R. 776, 784 (Bankr. W.D. Pa. 2003) ("Section 524(a)(2) of the Bankruptcy Code does not prohibit the holder of an unavoided lien from enforcing it in a subsequent in rem action").

(Doc. 29 at 6.)

Again, we find no error in Plaintiff's statement of the law and have not been presented with any material facts distinguishing this case from those considered in relevant cases.

### III. Conclusion

For the reasons discussed above, Plaintiff's Motion for Summary Judgment (Doc. 28) is granted.  *In rem* Judgement in mortgage foreclosure is entered in Plaintiff's favor.  An appropriate Order is entered simultaneously with this action.


                                    S/Richard P. Conaboy
                                    RICHARD P. CONABOY
                                    United States District Judge

DATED: March 31, 2014

8